Caro *et al.* agt. Metropolitan Elevated Railroad Company.

---

## N. Y. SUPERIOR COURT.

DIEGO S. CARO *et al.*, respondents, agt. THE METROPOLITAN ELEVATED RAILROAD COMPANY, appellant.

*Order — Whether an order of a former general term expresses the intent of the court, cannot be determined by another general term.*

The general term cannot determine whether an order entered by a former general term upon a demurrer to the complaint expressed the intent of the court, without proceeding to hear anew the issues of law which were made by such demurrer.

*General Term, November,* 1882.

*Before* SEDGWICK, *C. J.,* FREEDMAN *and* ARNOUX, *JJ.*

MOTION by defendant to vacate or resettle judgment by clerk upon order made by a former general term composed by judges other than those now sitting.

PER CURIAM. — It is impossible to determine from the record whether it was the intent of the general term which heard the demurrer, to direct judgment according to the forms which have been presented by the defendants on this motion, and not according to the form actually entered, unless the general term should proceed to hear anew the issue of law which was made by the demurrer. The former general term ascertained what facts alleged in the complaint constituted a cause or causes of action, and what was the proper relief. Of course, this general term cannot review the decision. The peculiarities of the situation are practically shown by the fact

that defendants now present two forms of judgment, which seem to be based upon distinctly different views of plaintiff's rights. There is no sufficient ground, therefore, for directing judgment as asked by the defendants.

It is not intended to deny that this court would have the power to vacate the judgment entered by the clerk, if it appeared that it was not in conformity with the order which the former general term made. In this case, however, in view of its history disclosed by the record, it does not appear that the defendants have an absolute right to have this question determined. The correspondence between the attorneys show that the case was shaped for the purpose of getting the judgment of the court of appeals upon the rights of the parties.

If the present judgment were set aside it might result in another hearing, at a general term, of the appeal from the special term. An appeal from the present judgment will result in an adjustment of the defendants' claim.

The motion should be denied, without costs.